## In the matter of the will of SAMUEL SWARTWOUT, deceased.

The right to prize money vests in the captor from the time of the capture, and not from the condemnation. Hence, prize money for prizes not condemned for six years after the captor's death, was adjudged to pass to his legatee, under a residuary clause: "all the residue of funds now held by me, and all property to which I may become entitled."

*Mr. John S. Barkalow*, for the executor.

THE CHANCELLOR.

The late Commander Samuel Swartwout, of the United States Navy, by his last will and testament, dated December 25th, 1866, after making certain specific bequests and a bequest of a specified sum of money, disposed of the residue of his estate, describing it as " all the residue of funds now held by me, and all property to which I may become entitled." Having participated in certain captures in the late rebellion, he was, under the act of Congress then in force on the subject, entitled to prize money in respect thereof, on condemnation of the captured effects. A controversy having arisen between the next of kin of the testator and the residuary legatee, as to whether that money passes under the residuary bequest, the executor, Rear Admiral Bell, seeks, by this proceeding, the direction of this court in the premises.

The testator died on the 5th of February, 1867. The condemnation in the cases from which the prize money was derived did not take place until June 7th, 1873, and the adjudication was not made until April 20th, 1874. It is insisted on behalf of the next of kin, that prize money is of the nature of bounty, and that the title to it does not accrue until condemnation, and that, therefore, in this case it did not pass as part of the residue, to the residuary legatee. This position cannot be maintained. The act of Congress above referred to, gave to the testator his share of the prize money from the captures in which he took part, and the right to it was vested in him at his death, although condemnation had not then taken place. It is settled that prize money is assignable at common law before condemnation, and that, after condemnation, the title becomes, by retroaction, perfect in the assignee. *Morrough* v. *Comyns*, 1 *Wils.* 211; *The Schooner Sally*, 1 *Gall.* 401; *The Brutus*, 2 *Gall.* 526. The very question now under consideration was decided in *Stevens* v. *Bagwell*, 15 *Ves.* 139, under circumstances quite similar to those of the present case. There the testator, a lieutenant in the British Navy, was concerned in

In the matter of the will of Samuel Swartwout.

the capture of a Dutch fort in the East Indies, in July, 1781. He died in December, 1782. A suit in the Admiralty Court upon the legality of the capture and the distribution of the prize money, was pending at the time of his death. He left a will, dated December 28th, 1776. The question was, whether the money passed under the residuary bequest in his will. Sir William Grant, M. R., in deciding the case, said that if the captured effects had, after the death of the testator, been condemned as prizes to the captors, there could be no doubt that his share would have passed by his will; as, though the property was not completely vested in the captors until condemnation, yet after condemnation it was, by relation, considered theirs from the time of the capture; that the captured effects being condemned to the crown, no right to any part of the produce could accrue to any one except by the gift of the crown, and as the testator died before any gift was made, his will could have no direct operation upon the subject of the gift, but that the intention of the crown, in all cases of that kind, was to put what was in strictness a matter of bounty upon the footing of matter of right; that the service performed was thought worthy of reward, and though the party performing it died before payment, the claim of bounty from the crown was considered as transmissible to his representatives in the same plight and condition as the claim for wages or any other stipulated or legal remuneration of service; that in such cases the crown never means to exercise any kind of judgment or selection with regard to the persons to be ultimately benefited by the gift; that the representatives to whom the crown gives are those who legally sustain that character, but the gift is made in augmentation of the estate, and not by way of personal bounty to them; that they take subject to the same trusts upon which they would have taken wages or prize money to which the party from whom they claim might have been legally entitled, and that the representatives of the testator were therefore entitled to receive that money, but upon the same trusts as they would take his general estate, and that it was to be considered as if it had

been actually a part of his property at the time of his death, and the consequence was that his residuary legatees were entitled to it. See also *Alexander* v. *The Duke of Wellington*, 2 *Russ. & Myl.* 35. It will be seen that Stevens v. Bagwell is directly in point, and the principle of that case disposes of all the objections made by the next of kin here, and is decisive of the right of the residuary legatee to the prize money in question. It is clear that the testator intended that this money should pass by the residuary bequest, and no legal obstacle is presented to the effectuation of that intention. The executor will be directed accordingly.